IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA KERSEY

v.  CIVIL ACTION NO. 3:09CV726

PHH MORTGAGE CORPORATION

## SCHEDULING ORDER

A Pretrial Conference will be held in this action on December 17, 2009 at 11:10 a.m. Counsel are advised that the Local Civil Rules for the Eastern District of Virginia and the Electronic Case Filing Policies and Procedures for this District are applicable to this matter.

Discovery must be concluded four weeks prior to the date of trial, unless counsel agree in writing to a different schedule and submit the agreement to the Court in the form of an order. All dispositive motions must be filed no later than four weeks prior to the date of trial. This deadline may not be changed except by written order of the Court. All motions in limine must be filed no later than two weeks prior to the date of trial. This deadline may not be changed except by written order of the Court. The trial date will be set at the pretrial conference for a day certain, not later than eight to ten weeks from the date of the pretrial conference. Once a trial date has been set, the case cannot be transferred to a Magistrate Judge, without leave of Court, unless the Magistrate Judge can maintain the trial date.

Pursuant to Local Civil Rule 83.6, counsel are advised of the availability of mediation and that they may request it. As an alternative, the continued utilization of settlement conferences as a form of mediation is also authorized.

Unless a later time has previously been allowed, any defendant who has not filed an answer to the complaint must do so within ten (10) days from the date of this Order.

Pursuant to Federal Rule of Civil Procedure 26(f), except in categories of proceedings exempted under Fed. R. Civ. P. 26(a)(1)(B), counsel shall confer, within eleven (11) days from the date of this Order, to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. At the Rule 26(f) Conference, counsel shall make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1) and develop a proposed discovery plan that indicates the parties' views and proposals concerning those matters set forth in Fed. R. Civ. P. 26(f)(1) - (4). This conference may occur within 21 days before the Pretrial Conference, so long as it is held no more than eleven (11) days from the date of this Order. The parties shall orally report to the Court their discovery plan at the Pretrial Conference on the date and time scheduled herein. Disclosures required by Fed. R. Civ. P. 26(a)(1) must be made within twenty (20) days from the date of this Order, unless a party objects during the Rule 26(f) Conference that initial disclosures are not appropriate in the circumstances of the action. In such a case, such objection shall be noted to the

Court during Pretrial Conference. Any party first served or otherwise joined after the Rule 26(f) Conference must make these disclosures within eleven (11) days after being served or joined.

Disclosure of experts' identities, as required by Fed. R. Civ. P. 26(a)(2), shall be made pursuant to Federal Rule of Civil Procedure 26 and Local Civil Rule 26(D)(2) unless counsel enter into a formal agreement, pursuant to Local Civil Rule 26(D)(1), governing the use of experts. Failure to memorialize such an agreement will result in literal enforcement of Local Civil Rule 26(D)(2).

Experts not disclosed as required by Fed. R. Civ. P. 26(a)(2), the Local Civil Rules, and this Order, will not be allowed to testify. This includes treating physicians, other health care providers, and in-house technical witnesses if they are asked to give an opinion on causation or any other relevant issue. Only one expert per discipline is permitted, except by Court order. Unless otherwise permitted by Court order, no party shall serve upon any other party, at any one time or cumulatively, more than thirty (30) written interrogatories, including all parts and sub-parts.

Counsel are encouraged to meet and confer in an effort to enter into written stipulations of any uncontroverted facts. All stipulations shall be filed with the Court by 12:00 Noon no later than five (5) days before trial.

Thirty (30) days from the date of filing, all non-discovery motions not scheduled by the movant for a hearing are considered submitted on the pleadings.

Ten (10) days from the date of filing, all discovery motions not scheduled by the movant for a hearing are deemed withdrawn. Any discovery matter not resolved by the parties pursuant to Local Civil Rule 37(E) that is submitted to the Court for resolution may result in sanctions being imposed on either the non-prevailing party, attorney, or both, pursuant to Rule 37, Federal Rules of Civil Procedure and Local Civil Rule 37(H).

Responses to motions and replies to the responses shall be governed by Local Civil Rule 7(F). With regard to substantive motions, such as motions to dismiss or motions for summary judgment, counsel must submit a copy of each motion and memorandum in support of the motion, response, and reply for the Court's use at the time the originals are filed with the Clerk. Courtesy copies must be submitted in paper form unless the Court agrees to an alternative method.

If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product, or another privilege, he must provide the requesting party with an inventory list of the documents to which he is objecting, and a brief description of what each document contains. Unless this list is provided at the time the objection is filed, the objection will be considered waived.

One week prior to trial, counsel must exchange with each other and file with the Clerk a list of witnesses proposed to be called, a list of exhibits, the exhibits themselves, premarked, and any

other pretrial disclosures required by Fed. R. Civ. P. 26(a)(3). <u>Any witness or exhibit not so listed and filed will only be permitted at trial for impeachment or rebuttal purposes.</u> Substantive objections to exhibits so listed and filed must be noted within three (3) days after such filing; otherwise the exhibits shall stand admitted in evidence. Such objections will be ruled on at trial.

One week prior to trial, counsel shall tender to the Clerk three binders of the exhibits to be used at trial. These should be indexed for easy reference and each exhibit should be individually tabbed. Two of these binders will be for the Court's use and the other is for use by the witness. Counsel should have his own copy of each exhibit and should furnish opposing counsel with a copy of each exhibit. If counsel desires to publish an exhibit, he may use the electronic evidence system available in the courtroom or he may provide each juror a copy of the exhibit as he examines the witness. Counsel are also required to provide a copy of each exhibit for use by the jury during deliberations.

Pursuant to Fed. R. Civ. P. 5(d), depositions, interrogatories, requests for documents and admissions, and answers and responses thereto, shall not be filed except on order of the Court or for use in this action.

In non-jury cases, counsel should file with the Clerk by 12:00 Noon five (5) days before trial written proposed findings of fact and conclusions of law. Counsel shall also supply a paper copy <u>and</u> a copy on CD-ROM, USB flash drive, or via email, in Word Perfect format, to the Court's chambers by the same date. In jury cases, counsel should file with the Clerk by 12:00 Noon five (5) days before trial written proposed jury instructions. Counsel shall also supply a paper copy <u>and</u> a copy on CD-ROM, USB flash drive, or via email, in Word Perfect format, to the Court's chambers by the same date.

Issuance of subpoenas, assessment of jury costs, and depositions will be governed by Local Civil Rules 45, 54(G) and 30, respectively.


Date:   November 24, 2009

RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE


12/2009