IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| BRENDA KERSEY, | |
| Plaintiff, | |
| v. | Civil Action Number 3:09cv726 |
| PHH MORTGAGE CORPORATION, | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the Court *sua sponte* following a thorough review of the file. For the reasons set forth herein, the Court finds that it lacks subject matter jurisdiction and remands the action to the Circuit Court of the City of Richmond, Virginia.

### I.  Background

#### A.  Factual Background

On May 3, 2002, the Plaintiff entered into a $71,397.00 mortgage loan to purchase a home located at 2911 Edgewood Avenue, Richmond, Virginia 23222. The loan, evidenced by a Note and secured by a Deed of Trust, was a Federal Housing Administration ("FHA") loan governed by FHA regulations of the federal Department of Housing and Urban Development ("HUD"). The Defendant is, and has been for some time, the holder of the Note.

Under the terms of the Deed of Trust that secured the loan, the holder of the Note can foreclose on the home in the event of arrearage on payment of the Note only if the holder has complied with FHA regulations. One such regulation incorporated into the terms of the Deed of

Trust is 24 C.F.R. § 203.604 that provides in relevant part as follows: "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . ." 24 C.F.R. § 203.604(b).

The Plaintiff fell into arrears on the Note. The Defendant appointed Professional Foreclosure Corporation of Virginia ("PFC") as substitute trustee on the Deed of Trust and instructed PFC to foreclose on the Plaintiff's home. PFC then scheduled a foreclosure sale for October 15, 2009 without the Defendant or any other creditor entity ever having a face-to-face meeting with the Plaintiff or attempting to arrange for such a meeting. PFC subsequently cancelled the scheduled foreclosure sale and has not rescheduled any date for a foreclosure sale.

**B.     Procedural Background**

Believing that the Defendant's failure to have, or attempt to have, a face-to-face meeting violated the conditions set forth in 24 C.F.R. § 203.604(b) as incorporated into the Deed of Trust, the Plaintiff filed her Complaint on October 14, 2009 in Richmond City Circuit Court seeking a declaratory judgment that the Defendant has not complied with the terms of the Deed of Trust sufficient to allow the Defendant to go forward with a foreclosure of the home. The Defendant removed the matter to this Court on November 18, 2009. In its Notice of Removal, the Defendant represented that the action was removable "because the Complaint presents a federal question under the [FHA] and its implementing regulations set forth by [HUD]." The Defendant also represented

that the action was removable "because this Court has original, diversity jurisdiction under 28 U.S.C. § 1332." Specifically, the Defendant alleged that the Plaintiff is a citizen of Virginia and that the Defendant is incorporated in the state of Maryland with its principal place of business in New Jersey. The Defendant also alleged that the "Plaintiff asserts an amount in controversy that, after including charges and fees associated with foreclosure, exceeds seventy-five thousand dollars." The Plaintiff never moved to remand the matter or otherwise indicated any disagreement with the Defendant's subject matter jurisdiction representations. The Defendant did not offer affidavits or any other supplemental support for its jurisdictional allegations.

On November 25, 2009, the Defendant moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Court denied the Defendant's motion in its Order and accompanying Memorandum Opinion of January 22, 2010. The parties then elected to forego a fact-finding bench trial and, instead, submitted a comprehensive joint stipulation of facts, along with Proposed Conclusions of Law and, pursuant to the Court's June 7, 2010 Order, Amended Proposed Conclusions of Law. Upon reviewing all of the materials in this case in preparation for entering final judgment pursuant to Federal Rule of Civil Procedure 52(a), the Court became dissatisfied with the jurisdictional allegations before it and initiated the instant *sua sponte* review.

**II.     Analysis**

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). A civil action that is filed in state court may be removed if the federal district court has original jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. *See* 28 U.S.C. § 1441(a). The burden of

establishing federal jurisdiction falls upon the party seeking removal. *Mulcahey v. Columbia Organic Chems.*, 29 F.3d 148, 151 (4th Cir. 1994). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (citation omitted). Further, it is well-established that federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005)).

The Defendant suggests that the Court has subject matter jurisdiction over this suit based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[1] Federal question jurisdiction under § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v.*

---

[1] First addressed in her Proposed Conclusions of Law, the Plaintiff now also suggests that the Court has subject matter jurisdiction over this suit under "15 U.S.C. § 1601 et seq." The Plaintiff fails to explain, however, how the Truth in Lending Act, or its implementing regulations found in 12 C.F.R. § 226.1 *et seq.*, confer jurisdiction over the case at bar. Indeed, the Plaintiff herself alleges that the mortgage loan was a FHA loan governed by HUD regulations. The relevant HUD regulations are found in 24 C.F.R. § 203 *et seq*. While the Truth in Lending Act does provide for a private right of action for its violation, the Plaintiff in the case at bar has never alleged a violation of that act and seeks a declaration only that the Defendant cannot proceed with foreclosure because it did not comply with the relevant FHA HUD regulation incorporated into the parties' contract. The Plaintiff has conceded from the onset of this litigation that she does not have a private right of action under a federal statute for her claim in this case. Therefore, the Plaintiff's properly pleaded Complaint does not present a federal question based on the Truth in Lending Act or its implementing regulations.

4

*Anderson*, 539 U.S. 1, 12 (2003). "In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "Most of the cases brought under § 1331 federal question jurisdiction 'are those in which federal law creates the cause of action.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). "In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id.* If, however, state law creates the cause of action, the Court applies a different test. "In this instance, federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983) (emphasis added by *Mulcahey*)).

In the case at bar, the Plaintiff's "demand" is for a declaration that the Defendant has not complied with the terms of the parties' contract – the Deed of Trust. Specifically, the parties' contract incorporated 24 C.F.R. § 203.604 – a federal HUD regulation – as a condition of the contract. Thus, while the Plaintiff's declaratory judgment action necessarily requires analysis of a federal regulation, the suit actually relates to rights and obligations under the parties' contract. These rights and obligations are governed by state law.² *Kestler v. Bd. of Trs. of N.C. Local Gov'tal Emps.'*

---

²Of course, the Court recognizes that state law can be pre-empted by both federal statutes and federal regulations. *See Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985) ("We have held repeatedly that state laws can be pre-empted by federal regulations as well as by federal statutes."). Yet, as noted in its Memorandum Opinion of January 21, 2010, "the parties do not cite, and the Court is not aware of, any principles of preemption that would operate to suggest that the absence of a federal cause of action under the NHA was intended to prevent parties from entering into an agreement to make otherwise unenforceable conditions enforceable under state principles of contract law." Mem. Op. of Jan. 21, 2010 at 13-14.

*Ret. Sys.*, 48 F.3d 800, 803 (4th Cir. 1995) ("[T]he issue of whether a contract right exists is governed by state law."); *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Univ.*, 489 U.S. 468, 474 (1989) (interpretation of private contracts is a question of state law). Therefore, as state law creates the Plaintiff's underlying cause of action, federal question jurisdiction exists in this case only if the Plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." *Mulcahey*, 29 F.3d at 151 (emphasis and citations omitted).

In the Fourth Circuit, "if a federal law does not provide a private right of action, a state law action based on its violation does *not* raise a 'substantial' federal question." *Mulcahey*, 29 F.3d at 152 (interpreting *Merrell Dow*, 478 U.S. 804) (emphasis added). In other words, a plaintiff's state law claim alleging the violation of a federal statute – or, as here, a federal regulation promulgated pursuant to a federal statute – is insufficient to confer federal question jurisdiction if the underlying federal statute does not provide a private right of action. *See id.*; *Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F. Supp. 2d 767, 774 (E.D. Va. 2003) ("[A] plaintiff's claim of a violation of federal statute does not create federal jurisdiction unless the plaintiff could avail himself of the remedies provided by the federal statute."). In the case at bar, it is undisputed that the FHA, NHA, and HUD regulations do *not* provide the Plaintiff with a private right of action in this case. Therefore, the Plaintiff's claim that the Defendant violated a federal regulation that was incorporated as a condition of the parties' state law-governed contract is insufficient to confer federal question jurisdiction over this matter.

As such, the propriety of removal in the case at bar depends on whether the case falls within the provisions of 28 U.S.C § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in

6

controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332 (2009). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The Court is satisfied that complete diversity exists in this case, as the Plaintiff is a citizen of Virginia, and the Defendant is a citizen of Maryland and New Jersey. Neither party has alleged otherwise, and nothing before the Court indicates that the parties are not citizens as alleged in the Defendant's Notice of Removal. Therefore, the Court need only address whether the amount in controversy exceeds $75,000.

"In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether damages are specified or unspecified in the complaint." *LJT & Assocs., Inc. v. Koochagian*, 2009 WL 4884525 slip op. at *3 (D. Md. Dec. 10, 2009) (quoting *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). "When a plaintiff claims damages less than $75,000, 'removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would . . . recover more than that if she prevailed.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 509). If, as in the case at bar, "the complaint does not specify damages, 'a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 509-10). "The defendant must establish the amount in controversy with 'competent proof.'" *Id.* (quoting *Momin*, 205 F. Supp. 2d at 510) (requiring "summary judgment-type evidence" to demonstrate the required amount in controversy)). "Mere allegations in the notice of removal are insufficient." *Id.* (citing *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864, 866 (S.D. W. Va. 2005)).

In actions seeking declaratory or injunctive relief, such as in the case at bar, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citing cases). "In determining the value of the object of litigation, the majority of courts follows the 'plaintiff approach,' in which the court considers only the value of the controversy to the plaintiff." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061 table op. at *2 (4th Cir. 1997). The Fourth Circuit, however, "has employed the 'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." *Id.* (citing *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "Under this 'value' test, the jurisdictional amount in controversy requirement is met if either the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC*, No. 3:08cv427, 2008 WL 4936479, at *3 (E.D. Va. Oct. 29, 2008) (citations omitted).

"In applying this test, courts are required to look to the underlying rights and obligations of the litigants to 'calculate the potential pecuniary impact of [a] judgment to either party.'" *Wood v. Gen. Dynamics Advanced Info. Sys., Inc.*, No. 1:08CV624, 2009 WL 1687967 slip op. at *4 (M.D.N.C. June 17, 2009) (quoting *Market Am., Inc. v. Tong,* No. 1:03CV00420, 2004 WL 1618574, at *2 (M.D.N.C. July 15, 2004)). "In so doing, the Court may not weigh the merits of the case, but should consider all the evidence in the record, including the pleadings and the affidavits submitted by the parties." *Id.* When analyzing the direct pecuniary value of the right at issue from the Plaintiff's perspective, the Fourth Circuit counsels courts to "determine whether [the Plaintiff], if granted declaratory relief on all her claims, would be entitled to recover more than $75,000 from

8

[the Defendant]." *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 Fed. Appx. 141, 143 (4th Cir. 2001). "The Court's duty then is to find the economic worth of the 'object in controversy,' keeping in mind that 'any one case may be legitimately valued in a number of different ways,' and that '[n]o one economic analysis will be right for all cases.'" *Cole v. Captain D's, LLC*, No. 5:08CV21-V, 2008 WL 4104577, *2 (W.D.N.C. Aug. 29, 2008) (quoting *Hoffman v. Vulcan Materials Co.*, 19 F. Supp.2d 475, 481-82 (M.D.N.C. 1998)). In so doing, "it is important to specify exactly what relief [the] Plaintiff[] seek[s] to understand what evidence might be relevant to its pecuniary value." *Tyler v. Berger*, No. Civ.A. 605CV00030, 2005 WL 2596164, at *4 (W.D. Va. Oct. 13, 2005).

Here, the Plaintiff's lawsuit presents only a controversy as to the relative rights and duties under the parties' relevant contract – the Deed of Trust. More specifically, the Plaintiff's lawsuit simply asks the Court to determine whether the Defendant owed the Plaintiff the duty to have, or attempt to have, a face-to-face meeting with her prior to commencing foreclosure.[3] Thus, the amount in controversy may be either (1) the direct pecuniary value to the Plaintiff of having the right to have the Defendant hold, or attempt to hold, a face-to-face meeting with the Plaintiff prior to commencing foreclosure, or (2) the costs to the Defendant of complying with the condition that it

---

[3]In her Complaint, the Plaintiff defines her "Cause of Action" as follows: "Kersey is entitled to a declaratory judgment that [the Defendant] has not complied with the terms of the deed of trust sufficient to allow [the Defendant] to go forward with a foreclosure of the home and that, therefore[,] any foreclosure sale of the home on October 15, 2009 would be void." Pl.'s Compl. at 4. The Court has, from the beginning, construed the demand as a request for a declaration that the Defendant failed to comply with the terms of the Deed of Trust because the Defendant failed to have a face-to-face meeting with her prior to commencing foreclosure. The Plaintiff never sought an injunction, preliminary or permanent, and her Complaint presents a justiciable controversy only as to whether the Defendant owed the Plaintiff the duty to have, or attempt to have, a face-to-face meeting with her prior to commencing foreclosure. The "sufficient to allow" language in the Complaint does not operate to convert the Plaintiff's declaratory judgment action into an injunction action or other form of suit.

9

hold, or attempt to hold, a face-to-face meeting with the Plaintiff prior to commencing foreclosure.

Neither party has reported the monetary figure by which they value this right. Indeed, as the object of the litigation is simply the right to have a face-to-face meeting prior to foreclosure proceedings, such a right is not readily measurable in monetary terms, and "a claim not measurable in 'dollars and cents' fails to meet the jurisdictional test of amount in controversy." *McGaw v. Farrow*, 472 F.2d 952, 954 (4th Cir. 1973). Even if figures were to be assigned to this right, they would be far too speculative to meet even the preponderance of the evidence standard, and the Court cannot imagine even a speculative sum that would exceed $75,000.

Even if the value of the Edgewood Avenue property properly represents the "value of the object of the litigation," the Plaintiff still would *not* be entitled to recover more than $75,000 from the Defendant if granted the requested declaratory relief on her claim. *See Toler*, 25 Fed. Appx. at 143. This is not a suit to quiet title or even for simple breach of contract, and if granted the requested declaratory relief, neither party has established that the Plaintiff stands to recover *any* amount of money from the Defendant. She stands to recover only the right to have the Defendant hold, or simply attempt to hold, a face-to-face meeting with her. Even if granted such a right where such a meeting were to take place, the outcome of that meeting is similarly too speculative to establish a reliable enough "value" for the instant controversy. Indeed, nothing before the Court suggests that a face-to-face meeting with the Defendant prior to its having commenced foreclosure would have "saved" the Plaintiff's home from foreclosure. More importantly, the Defendant has never alleged the property's total value, much less provided an affidavit or other "competent proof" of the property's value, assessed, appraised, estimated, or otherwise.

Even though this Court finds that the "value of the object of the litigation" is the value associated with having (or complying with) the right of the Plaintiff to have a face-to-face meeting with the Defendant prior to the commencement of foreclosure, under any approach and analysis, the pecuniary value and costs to both parties are simply "too speculative and immeasurable to satisfy the amount in controversy requirement." *Vargo v. Del. Title Loans, Inc.*, Civ. No. L-10-1251, 2010 WL 2998788 slip op. at *2 (D. Md. July 27, 2010). The Court will not assume, infer, or hazard a guess at whether jurisdiction exists, as that burden lies squarely with the Defendant. The Court simply will not play fast and loose with subject matter jurisdiction, and this suit must be guided by the federalism principle that favors remand where subject matter jurisdiction is doubtful, even at this late stage of the case. Construing removal jurisdiction strictly, as it must, the Court finds that the Defendant has failed to establish that removal was proper, and the Court is left with no choice but to remand the case.

An appropriate Order shall issue.


August 13, 2010 /s/
DATE RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE